IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES JOHNSON, | * | |
| Petitioner, | * | Civil Action No. RDB-20-0566 |
| v. | * | Crim. Action No. RDB-18-0178 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

On October 18, 2018, Petitioner James Johnson ("Johnson" or "Petitioner")[1] pled guilty to one count of conspiracy to distribute and possess with the intent to distribute 400 grams or more of Fentanyl, in violation of 21 U.S.C. § 846. (Plea Agreement, ECF No. 14.) This Court sentenced Petitioner to 288 months of imprisonment, consistent with his agreement with the Government pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. (Judgment, ECF No. 23; Plea Agreement, ECF No. 14.)

Currently pending before this Court are Johnson's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 34) and Johnson's Motion to Set Aside Judgement for Lack of Subject Matter and Personal Jurisdiction Pursuant to Fed. R. Civ. P. 60(b)(6) and 60(d)(3) (ECF No. 39). The Government has filed a response in opposition. (ECF No. 44.) The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons that follow, Petitioner's

---

[1] Although it appears that Plaintiff himself drafted all of his Motion papers, he is represented by counsel Daniel Wright, Esq., and is not proceeding *pro se*. (*See* ECF No. 34.

Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 34) is DENIED and Petitioner's Motion to Set Aside Judgement for Lack of Subject Matter and Personal Jurisdiction Pursuant to Fed. R. Civ. P. 60(b)(6) and 60(d)(3) (ECF No. 39) is DENIED.

## BACKGROUND

On March 29, 2018, James Johnson was charged in a one-Count Indictment with conspiracy to distribute and possess with the intent to distribute 400 grams or more of Fentanyl, in violation of 21 U.S.C. § 846. (Indictment, ECF No. 1.) On October 18, 2018, Johnson pled guilty to the sole Count in the Indictment, pursuant to a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C). (Plea Agreement, ECF No. 14.) Johnson stipulated that when he was arrested in 2017, search and seizure warrants uncovered approximately 8,500 grams of Fentanyl, approximately 17,250 grams of heroin, six firearms, and approximately $700,000. (*Id.* at 12.) Johnson further agreed that a sentence in the range of 240 months' imprisonment to 360 months' imprisonment was the appropriate and reasonable sentence. (*Id.* at 5-6.) Johnson also waived his right to appeal his sentence. (*Id.* ¶ 13.)

This Court conducted a Sentencing Hearing on March 7, 2019. (ECF No. 22.) At sentencing, this Court reviewed the Presentence Investigation Report ("PSR") with Johnson, his counsel, and the Government. (3/7/2019 Sentencing Tr., ECF No. 44-2; PSR, ECF No. 17.) The PSR reflected a total offense level of 35, a criminal history category of III based on two prior federal drug trafficking conviction, and an advisory guidelines range of 210 to 262 months. (*Id.*) At sentencing, the Court noted that it must also consider the agreed 11(c)(1)(C)

2

plea range of 240 to 360 months. (3/7/2019 Sentencing Tr. at 10, ECF No. 44-2.) Based on these factors, this Court imposed a 288-month term of imprisonment with credit for time served in federal custody since June 19, 2018, followed by a five-year period of supervised release. (Judgment, ECF No. 23.)

On March 1, 2020, Johnson filed the presently pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (ECF No. 34). On June 30, 2020, Johnson filed his Motion to Set Aside Judgement for Lack of Subject Matter and Personal Jurisdiction Pursuant to Fed. R. Civ. P. 60(b)(6) and 60(d)(3). (ECF No. 39.) On July 31, 2020, Johnson supplemented his § 2255 Motion, asserting three additional grounds for relief. (ECF No. 40.)

## STANDARD OF REVIEW

Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside, or correct his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to a collateral attack. *Hill v. United States*, 368 U.S. 424, 426–27, 82 S. Ct. 468 (1962) (citing 28 U.S.C. § 2255). "If the court finds . . . that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

The scope of a § 2255 collateral attack is far narrower than an appeal, and a "'collateral challenge may not do service for an appeal.'" *Foster v. Chatman*, 136 S. Ct. 1737, 1758 (2016) (quoting *United States v. Frady*, 456 U.S. 152, 165, 102 S. Ct. 1584 (1982)). Thus, any failure to raise a claim on direct appeal constitutes a procedural default that bars presentation of the claim in a § 2255 motion unless the petitioner can demonstrate cause and prejudice, or actual innocence. *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010); *see Dretke v. Haley*, 541 U.S. 386, 393, 124 S. Ct. 2291 (2004); *Reed v. Farley*, 512 U.S. 339, 114 S. Ct. 2291 (1994); *see also United States v. Mikalajunas*, 186 F.3d 490, 492–93 (4th Cir. 1999). Conversely, any "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro v. United States*, 538 U.S. 500, 509, 123 S. Ct. 1690 (2003).

## ANALYSIS

Johnson argues that his sentence must be vacated because (1) his attorney failed to render effective assistance of counsel (ECF Nos. 34, 40); (2) he is actually innocent of the crime to which he pled guilty (ECF No. 40); and (3) he is entitled to relief under Federal Rules of Civil Procedure 60(b)(6) and 60(d)(3). Johnson's arguments are meritless.

### I. Petitioner Received Effective Assistance of Counsel.

Johnson asserts nine grounds in support of his argument that he received ineffective assistance of counsel. Specifically, he claims: (1) counsel failed to "challenge the two-level enhancement for a dangerous weapon"; (2) counsel failed to challenge the reasonableness of Johnson's sentence compared to his co-defendant's sentence; (3) counsel urged Johnson to sign the plea "even though the 'Statement of Facts' and evidence in discovery never supported

the 'intent to distribute' Fentanyl" *mens rea* requirement; (4) counsel failed to investigate the charged crime; (5) counsel failed to challenge the Indictment and the threshold drug amount seized from Johnson's co-defendant; (6) counsel failed to represent Johnson in an "adversarial way" by failing to file for suppression of search warrants; (7) counsel failed to file a direct appeal challenging the attributable drug amount that exposed Johnson to a higher sentence; (8) counsel failed to challenge the Indictment's failure to state an offense; and (9) counsel failed to object to the Indictment's failure to identify two or more people who allegedly entered into the conspiracy. (ECF Nos. 34, 40.)

A freestanding claim of ineffective assistance of counsel may properly be asserted for the first time in a § 2255 petition. *United States v. DeFusco*, 949 F.2d 114, 120–21 (4th Cir. 1991). To state a claim for relief based on a Sixth Amendment claim of ineffective assistance of counsel, a petitioner must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 671, 104 S. Ct. 2052 (1984).

The first, or "performance," prong of the test requires a showing that defense counsel's representation was deficient and fell below an "objective standard of reasonableness." *Id.* at 688. In making this determination, courts apply a strong presumption that counsel's actions fell within the "wide range of reasonable professional assistance." *Id.* at 688–89. To satisfy the first prong, the Petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound . . . strategy.'" *Id.* at 689. Specifically, a Petitioner must identify "the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690.

The second, or "prejudice" prong, requires that a petitioner demonstrate that his counsel's errors "had an adverse effect on the defense." *Id.* at 693. In the plea-bargaining context, a petitioner must demonstrate that "there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366 (1985).

Johnson has failed to satisfy the *Strickland* standard for each of his arguments asserting ineffective assistance of counsel.

### A. Two-level guidelines enhancement

Johnson argues that counsel was ineffective for "failing to challenge the two-level enhancement for a dangerous weapon under 2D1.1(b)(1)." He explains that "[t]here were no witnesses, [or] co-conspirators that established the Petitioner had possession of the firearm," and that "counsel failed to object to the firearm enhancement resulting in a higher sentence for the Petitioner." Johnson also argues that counsel failed to conduct additional testing to show that he never possessed the firearm.

First, Johnson is incorrect that his counsel did not object to the firearm enhancement. In fact, in Johnson's sentencing memorandum, his counsel wrote, "[w]hile weapons were seized from locations associated with Mr. Johnson, the government has not [sic] evidence that Mr. Johnson in fact carried any of the weapons as part of his illicit activities." (ECF No. 21 at 4-5.) At sentencing, Johnson's counsel also argued that "[a]lthough there was some weapons seized in this particular case, I don't believe there is any evidence that Mr. Johnson carried weapons-." (Sentencing Tr. at 33-34, ECF No. ECF No. 44-2.) Moreover, there was a factual basis for the firearm enhancement, which Johnson admitted during the Rule 11

proceeding.  (*See* Arraignment Tr. at 22, ECF No. 44-1 ("**The Court**: There is a two-level upward adjustment because a firearm was possessed in connection with this conspiracy…Do you understand that? **The Defendant**: Yes, sir.").)

As to Johnson's assertion that counsel failed to conduct further testing on the firearm after he asked counsel to do so, Johnson's own sworn statements during the Rule 11 proceeding contradict his present assertion.  At his arraignment, Johnson had the following colloquy with the Court:

> **The Court:** Are you fully satisfied with [counsel] and his advice and representation and the advice which he's given you?
>
> **The Defendant**: Yes, sir.
>
> **The Court**: Is there anything that you've asked him to do which he has not done?
>
> **The Defendant**: No, sir.

(Arraignment Tr. at 11, ECF No. 44-1.)  Accordingly, there is no reason for this Court to now doubt the truth of Johnson's sworn statements that his counsel was effective.  *See United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (citations omitted) ("A defendant's solemn declarations in open court affirming a plea agreement carry a strong presumption of verity because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy.").

Finally, counsel did not err in failing to pursue the Government's basis for attributing the firearm to Johnson because Johnson expressly waived his right to a trial and any corresponding ability to confront evidence that would be presented against him by the Government at trial.  (Plea Agreement at 3, ECF No. 14; Arraignment Tr. at 27-28, ECF No. 44-1.)

### B. Reasonableness of Johnson's sentence

Johnson argues that his counsel was ineffective for "failing to challenge the reasonableness of his sentence of 24 years in comparison to the 48 months that co-defendant Buhari received." At sentencing, however, Johnson's counsel argued for the bottom of the sentencing range that the parties had agreed to in the Plea Agreement. (Sentencing Tr. at 33-34, ECF No. 44-2.) The Court, in turn, considered Johnson's position within the drug conspiracy and his record of two prior federal drug trafficking convictions in calculating Johnson's sentence. The Court explained, "I look at the nature and circumstances of this offense, which are very, very, serious, and I look at the history and characteristics of you, and it's not often that we have someone in for a third Federal drug offense." (*Id.* at 55.) In contrast, Johnson's co-defendant, Buhari, had no criminal history. Accordingly, Johnson's counsel was not ineffective by arguing for the bottom of the agreed-upon sentencing range.

### C. *Mens rea* requirement

Johnson asserts that his counsel erred by "repeatedly urg[ing] the Petitioner to sign the plea without sufficient evidence to the 'intent to distribute' Fentanyl." However, in his Plea Agreement, Johnson specifically pled guilty to the necessary *mens rea* in his Plea Agreement, which provides: "a. an agreement existed between two or more people to possess with the intent to distribute 400 grams or more of mixture or substance containing fentanyl; and b. the Defendant knowingly and voluntarily entered that agreement." (Plea Agreement at 1-2, ECF No. 14.) The Court also found this plea to be knowing and voluntary. (Arraignment Tr. at 41, ECF No. 44-1.) Accordingly, Johnson is bound by his sworn statement and counsel's performance was not ineffective in this regard. *See Lemaster*, 403 F.3d at 221 ("in the absence

of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false.").

### D. Counsel's investigation of charged crime

Johnson challenges his counsel's investigation of the charged crime and his counsel's failure to investigate the officer involved in the search warrant, surveillance, and collection of evidence. An allegation of "inadequate investigation does not warrant habeas relief absent a proffer of what favorable evidence or testimony would have been produced." *Beaver v. Thompson*, 93 F.3d 1186, 1195 (4th Cir. 1996). Beyond general allegations that the police "tainted his case," Johnson does not identify what the favorable evidence or testimony would have been. Accordingly, counsel did not render deficient performance in not pursuing Johnson's speculative claims. *See id.* at 1196.

### E. Drug quantity

Johnson argues that counsel failed to challenge the threshold drug amount seized from his co-defendant. Again, Johnson pled guilty to his participation role in the conspiracy through the possession of large quantities of heroin and fentanyl and hundreds of thousands of dollars found in properties attributable to him. (Plea Agreement at 10-12, ECF No. 14.) Specifically, Johnson accepted the fact that the "DEA lab reports indicated that JOHNSON possessed approximately 8,500 grams of Fentanyl and approximately 17,250 grams of heroin." (*Id.* at 12.) Johnson confirmed his knowing and voluntary plea to these facts at his Arraignment and there is no basis to find his counsel's conduct on this issue was anything but reasonable. (*See* Arraignment Tr. at 30-32, ECF No. 44-1.)

### F. Counsel represented Johnson in "adversarial way"

Johnson claims that counsel did not represent him in an "adversarial way" because he failed to seek suppression of the search warrants. However, at the Rule 11 proceeding, Johnson contradicted this assertion: "**The Court**: Is there anything that you've asked [counsel] to do which he has not done?  **The Defendant**: No, sir." (Arraignment Tr. at 11, ECF No. 44-1.)  Again, Defendant is bound by this statement and counsel's performance was not deficient.  *See Lemaster*, 403 F.2d at 221.

### G. Waiver of appeal

Johnson claims that counsel was ineffective by failing to file a direct appeal "challenging the attributable drug amount that exposed the Petitioner to a higher sentence."  He asserts that "[h]ad he known that he would have been subject to nearly 25 years of imprisonment, he would have gone to trial."  In his Plea Agreement, however, Johnson waived any right to appeal, of which the Court reminded him at the Rule 11 proceeding.  (Plea Agreement ¶ 13, ECF No. 14; Arraignment Tr. at 6, ECF No. 44-1.)  Moreover, Johnson confirmed at his guilty plea hearing that he fully understood the ramifications of his plea agreement: **The Court:** And, Mr. Johnson, are you satisfied that you understand all the possible consequences of your plea of guilty? **The Defendant:** Yes, sir."  (Arraignment Tr. at 18, ECF No. 44-1.)  Accordingly, counsel's performance was not deficient.

### H. Indictment's sufficiency

Johnson argues that counsel failed to object to the Indictment's failure to state an offense under 21 U.S.C. § 846 because the Indictment "never charged an offense that showed the existence of an agreement between two or more persons to violate the narcotics laws."

Contrary to Johnson's assertion, the Indictment in this case sufficiently stated an offense under 21 U.S.C. § 846. An indictment charging conspiracy need only "allege a conspiracy to distribute drugs, identif[y] the time period in which the conspiracy allegedly operated, and specif[y] the statute allegedly violated." *Jackson v. United States*, 473 F. Supp. 2d 640, 645 (D. Md. 2006) (quoting *United States v. Black*, 133 F.3d 917 (Table), 1997 WL 787090, at *1 (4th Cir. 1997).

The Indictment in this case alleged that Johnson "did knowingly and intentionally combine, conspire, confederate, and agree with others known and unknown to the Grand Jury to distribute and possess with intent to distribute" heroin and fentanyl between July 2016 and March 22, 2017, in "violation of 21 U.S.C. § 841(a)(1)." (Indictment, ECF No. 1.) Such allegations clearly suffice to state an offense under 21 U.S.C. § 846. Accordingly, any objection by counsel to the Indictment's sufficiency would have been futile.

### I. Indictment's naming only one conspirator

Johnson argues that counsel should have objected to the Indictment's failure to name more than one conspirator. However, counsel was correct not to object to such failure because any such objection would have been futile. As noted above, an indictment charging conspiracy need only allege a conspiracy, identify the period during which the conspiracy allegedly operated, and specify the statute allegedly violated. *Jackson v. United States*, 473 F. Supp. 2d 640, 645 (D. Md. 2006) (quoting *United States v. Black*, 133 F.3d 917 (Table), 1997 WL 787090, at *1 (4th Cir. 1997)). There is no such requirement that an indictment "name unindicted co-conspirators." *Black*, 1997 WL 787090, at *1. Accordingly, counsel did not err in declining to pursue this argument.

In sum, none of counsel's actions were constitutionally defective, and Johnson's ineffective assistance of counsel claims must fail.

## II. Johnson has not demonstrated "actual innocence."

Johnson argues that he is actually innocent of the conspiracy charge to distribute and possess with the intent to distribute 400 grams or more of Fentanyl to which he pled guilty, asserting that an Indictment charging conspiracy must name more than one person. As noted above, however, an indictment charging conspiracy need only "allege a conspiracy to distribute drugs, identif[y] the time period in which the conspiracy allegedly operated, and specif[y] the statute allegedly violated." *Jackson v. United States*, 473 F. Supp. 2d 640, 645 (D. Md. 2006) (quoting *United States v. Black*, 133 F.3d 917 (Table), 1997 WL 787090, at *1 (4th Cir. 1997)). There is no requirement that an indictment "name unindicted co-conspirators…." *Black*, 1997 WL 787090, at *1. Accordingly, Johnson has failed to show that he is "actually innocent" of conspiracy to distribute and possess with the intent to distribute 400 grams or more of Fentanyl. As a result, because both his ineffective assistance of counsel claims and his actual innocence claim fail, Johnson's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 34) is DENIED.

## III. Petitioner is not entitled to relief under Federal Rules of Civil Procedure 60(b)(6) and 60(d)(3)

Johnson asserts that he is entitled to the relief under Federal Rules of Civil Procedure 60(b)(6) and 60(d)(3) because this Court lacks jurisdiction over him. A party may seek relief from a final judgment or order under Rule 60(b) by showing "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Hale v. Belton Associates Inc.,* 305 F. App'x 987, 988 (4th Cir. 2009) (quoting *Dowell v. State Farm*

*Fire& Casualty Automobile Insurance Company,* 993 F.2d 46, 48 (4th Cir. 1993)). In addition, at least one ground for relief listed in Rule 60(b)'s six subsections must be established: 1) mistake, inadvertence, surprise, or excusable neglect; 2) newly discovered evidence; 3) fraud, misrepresentation, or misconduct by an opposing party; 4) a void judgment; 5) satisfaction, release, or discharge; or 6) any other reason justifying relief. *Dowell v. State Farm Fire and Casualty Automobile Insurance,* 993 F.2d 45, 48 (4th Cir. 1993). Any Rule 60(b) motion must be made within a "reasonable time," and, for subsections (1) through (3), not more than a year after entry of a judgment or order. *See* Fed. R. Civ. P. 60(c). Finally, the "savings clause" in Rule 60(d)(3) providing, "[t]his rule does not limit a court's power to…(3) set aside a judgment for fraud on the court," requires a party to meet a very high standard, involving "corruption of the judicial process itself." *Fox v. Elk Run*, 739 F.3d 131, 136 (4th Cir. 2014). Fraud between parties, including perjury by a party or witness, would not be "fraud on the court." *Id.*

The Federal Rules of Civil Procedure, however, do not provide a means for challenging criminal judgments. *See* Fed. R. Civ. P. 1 (stating "these rules govern the procedural in the United States district courts in all suits of a civil nature)"; *United States* v. *O'Keefe,* 169 F. 3d 281, 289 (5th Cir. 1999); *United States* v. *Mosavi,* 138 F. 3d 1365, 1366 (11th Cir. 1998). Rule 60(b)(6) is a civil rule and is therefore an inappropriate vehicle to challenge a criminal conviction or sentence. *See United States v. Fair,* 326 F.3d 1317,1318 (11th Cir.2003) ("Rule 60(b) simply does not provide for relief from judgment in a criminal case."). Rule 60(b) is not a substitute for collateral review of criminal judgments. *See United States v. Winestock,* 340 F.3d 200, 207 (4th Cir. 2003) (distinguishing a successive § 2255 "motion directly attacking the prisoner's conviction or sentence" from a Rule 60(b) motion). Rule 60(b) provides an extraordinary

13

remedy only granted in exceptional circumstances. *See e.g. Reid v. Angelone,* 369 F.3d 363, 370 (4th Cir. 2004); *Valero Terrestrial Corp. v. Paige,* 211 F.3d 112, 118 n. 2 (4th Cir. 2000).

Johnson's Motion under Rules 60(b)(6) and 60(d)(3), arguing that this Court lacks subject matter and personal jurisdiction, is meritless. The jurisdiction of this Court is well established by Article III of the United States Constitution and as provided for by 28 U.S.C. § 100. In this case, the Court presided over a criminal federal offense as defined in 21 U.S.C. § 846, to which Johnson himself pled guilty. Accordingly, Johnson has failed to show any "fraud on the court" and his Motion to Set Aside Judgement for Lack of Subject Matter and Personal Jurisdiction Pursuant to Fed. R. Civ. P. 60(b)(6) and 60(d)(3) (ECF No. 39) must be DENIED.[2]

## **CONCLUSION**

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 34) is DENIED; and Petitioner's Motion to Set Aside Judgement for Lack of Subject Matter and Personal Jurisdiction Pursuant to Fed. R. Civ. P. 60(b)(6) and 60(d)(3) (ECF No. 39) is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007).

---

[2] Johnson's Motion, filed more than a year after he was sentenced, is also untimely because motions under Rule 60 (b) (1), (2), or (3) must be filed no more than one year after entry of judgment. *See* Fed. R. Civ. P. 60(c)(1). Johnson provides no grounds to find judgment void under Rule 60(b)(6), the "catchall provision" allowing for filing "within a reasonable time," as extraordinary circumstances must be demonstrated to justify such relief. *See Aikens v. Ingram,* 652 F.3d 496,500-501 (4th Cir. 2011). None is shown here.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). Because reasonable jurists would not find Petitioner's claims debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated: October 21, 2020

_____/s/_____
Richard D. Bennett
United States District Judge