IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No. RDB-18-0178 |
| JAMES JOHNSON, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

On October 18, 2018, Defendant James Johnson pled guilty to one count of conspiracy to distribute and possess with the intent to distribute one kilogram or more of heroin and 400 grams or more of fentanyl, in violation of 21 U.S.C. § 846, after approximately 8,500 grams of fentanyl, approximately 17,250 grams of heroin, approximately $700,000, and six firearms were found in his possession. (Plea Agreement, ECF No. 14 at 12.) This was Johnson's third federal drug-trafficking conviction. (ECF No. 17 at 19.) Johnson entered this guilty plea pursuant to Rule 11(c)(1)(C) with an agreed sentencing range of 240-360 months of imprisonment (ECF No. 14.) This Court on March 7, 2019, sentenced Johnson to 288 months (24 years) of imprisonment with credit for time served. (ECF No. 22.) Shortly thereafter, on May 30, 2019, Johnson filed a motion for modification of that sentence. This was followed by a motion to vacate under 28 U.S.C. § 2255. (ECF No. 34.) On October 21, 2020, this Court entered an order denying that motion to vacate. (ECF No. 49.) The United States Court of Appeals for the Fourth Circuit dismissed the appeal and denied a certificate of appealability as to Johnson's filing on September 1, 2021.

1

Within two weeks of the Fourth Circuit denial, on September 14, 2021, Johnson filed, *pro se*, a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 57.) After receiving no response from the Warden regarding his request, on December 14, 2021, Johnson filed a supplemental motion for compassionate release. (ECF No. 66.) Johnson filed a second supplemental motion on May 23, 2023. (ECF No. 84.) Johnson then filed a motion for due process on August 4, 2023, to force action on his pending motion for compassionate release. (ECF No. 86.) Johnson seeks a sentence reduction to the relevant mandatory minimum, 120 months. (ECF No. 84 at 1.) For the reasons discussed below, Johnson's motion for compassionate release is **DENIED** and Johnson's motion for due process is **DENIED AS MOOT**.

## BACKGROUND

Johnson was charged with one count of conspiracy to distribute and possess with the intent to distribute one kilogram or more of heroin and 400 grams or more of fentanyl, in violation of 21 U.S.C. § 846, after approximately 8,500 grams of fentanyl, approximately 17,250 grams of heroin, approximately $700,000, and six firearms were found in his possession. (Plea Agreement, ECF No. 14 at 12.) Based on evidence gathered by investigators, Johnson's offense occurred between July 2016 and March 2017 in and outside the District of Maryland. (ECF No. 17 at 4.) Johnson and a group of co-conspirators, including Sharafa Buhari, allegedly ran their operation from the Gilmor Homes area of west Baltimore. (*Id.*) Johnson's plea of guilty resulted in his third federal drug-trafficking conviction. (*Id.* at 8–9.) He was sentenced to 288-months' imprisonment with credit for time served (ECF No. 22) after agreeing to a sentencing range of 240-to-360-months' imprisonment. (ECF No. 14 at 5.)

His base offense level was increased by two levels because he was in possession of firearms in relation to his offense. (ECF No. 17 at 7.)

On September 14, 2021, Johnson filed, *pro se*, a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 57.) Johnson claimed he developed "long-term pains in [his] head and lungs" and "loss of breath" due to COVID-19 infection. (ECF No. 57 at 2.) Johnson also claimed that harsh prison conditions—increased restrictions on prison event programming and recreation due to COVID-19 protocols, as well as an increased risk of infection with COVID-19 due to Bureau of Prisons ("BOP") policies—caused him unforeseen and undue hardship. On December 14, 2021, Johnson filed a supplemental motion for compassionate release. (ECF No. 66.) Johnson filed a second supplemental motion on May 23, 2023, seeking a sentence reduction to the relevant mandatory minimum, 120 months. (ECF No. 84 at 1.) The second supplemental motion added a third argument in support of Johnson's compassionate release, namely an intervening change in the law regarding whether a conviction on conspiracy to distribute drugs could serve as the basis of a sentence enhancement. (*Id.* at 9–13.) Johnson then filed a motion for due process on August 4, 2023, to impel action on his pending motion for compassionate release. (ECF No. 86.)

## ANALYSIS

The First Step Act of 2018, Pub. L. No. 115–391, 132 Stat. 5194, established significant changes to the procedures involving compassionate release from federal prison. Prior to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) provided the BOP with sole discretion to file compassionate release motions with the Court. With the passage of the First Step Act, defendants are now permitted to petition federal courts directly for compassionate release

whenever "extraordinary and compelling reasons" warrant a reduction in sentence. The Act permits a defendant to seek a sentence reduction after he "has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Once these mandatory conditions are satisfied, this Court may authorize compassionate release upon a showing of "extraordinary and compelling reasons" warranting a reduction and after weighing the factors presented in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i).

### I.     Johnson Satisfies the Administrative Exhaustion Requirement.

Johnson has demonstrated that he exhausted the administrative remedies prescribed in § 3582(c)(1)(A). One of the mandatory conditions laid out in § 3582(c)(1)(A) requires a petitioner to demonstrate that "[he] has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A). Johnson filed correspondence with this Court indicating that in September 2021, he sent a request for compassionate release to his Warden. (ECF No. 66 at 3.) Johnson had received no response to that request by November 2021. (*Id.* at 1.) Johnson subsequently filed a supplemental motion for compassionate release with this Court on December 14, 2021. (*Id.*) Johnson then filed a supplemented his motion for compassionate release a second time on May 23, 2023 (ECF No. 84.)  Because Johnson filed his motion with this Court more than 30 days after he filed his request with his Warden, Johnson has exhausted the administrative remedies prescribed in § 3582(c)(1)(A).

## II. Johnson Fails to Raise Extraordinary and Compelling Circumstances to Justify Compassionate Release.

Johnson has not presented extraordinary and compelling reasons to support his compassionate release. Under 18 U.S.C. § 3582(c)(1)(A), the United States Sentencing Commission is charged with defining "what should be considered extraordinary and compelling reasons for sentence reduction." 28 U.S.C. § 994(t). For example, the Commission has determined that the medical circumstances of a defendant can constitute an "extraordinary and compelling reason," where a defendant is "suffering from a serious physical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he is not expected to recover." U.S.S.G. § 1B1.13(b)(1)(B). A defendant who proves he "suffer[s] from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death" also establishes the existence of an extraordinary and compelling reason. U.S.S.G. § 1B1.13(b)(1)(C).

Courts' analyses regarding motions for compassionate release filed *pro se* were formerly unconstrained by the Sentencing Commission's guidelines and Bureau of Prison regulations. *See United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020) (holding that U.S.S.G. § 1B1.13 is not an "applicable policy statement" for compassionate release motions filed by a defendant in the wake of the First Step Act). However, amendments to U.S.S.G. § 1B1.13 in 2023 explicitly made the § 1B1.13 Policy Statement apply to such *pro se* motions. *See United States v. Davis*, No. 21-7325, 2024 U.S. App. LEXIS 9399, at *7 (4th Cir. Apr. 18. 2024); *United States v. Taylor*, No. ELH-12-0570, 2023 U.S. Dist. LEXIS 222428, at *10 (D. Md. Dec. 14, 2023);

*United States v. Robinson*, No. ELH-18-17, 2024 U.S. Dist. LEXIS 81817, at *14 (D. Md. May 6, 2024). As such, courts are now more constrained in determining what constitutes an "extraordinary and compelling" reason for compassionate release on motions filed *pro se* by a defendant: A court must now ensure that a sentence reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Policy Statement declares in part that:

> Upon motion of the Director of the Bureau of Prisons or the defendant pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> **(1)**
>
> > **(A)** extraordinary and compelling reasons warrant the reduction; or
> >
> > **(B)** the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> **(2)** the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> **(3)** the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13(a). The Policy Statement then offers six circumstances in which "extraordinary and compelling reasons" can be found, one of which is the medical circumstances of the defendant. U.S.S.G. § 1B1.13(b).

Here, Johnson's arguments for the existence of "extraordinary and compelling reasons" fall into two categories, each of which will be addressed in turn.

**a. The circumstances Johnson alleges related to COVID-19 do not justify his compassionate release.**

The 2023 amendments to U.S.S.G. § 1B1.13, particularly U.S.S.G. § 1B1.13(b)(1)(D), reinforce prior holdings of this Court that a defendant's heightened susceptibility to COVID-19 may constitute an extraordinary and compelling reason for a sentence reduction. *See, e.g.*, *Davis*, 2024 U.S. App. LEXIS 9399, at *7. Per U.S.S.G. § 1B1.13(b)(1)(D):

> The defendant presents the following circumstances—
>
> (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
>
> (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
>
> (iii) such risk cannot be adequately mitigated in a timely manner.

U.S.S.G. § 1B1.13(b)(1)(D). However, as Judge Hollander of this Court has noted, "the coronavirus is 'not tantamount to a get out of jail free card.'" *United States v. Hiller*, No. ELH-18-0389, 2020 WL 2041673, at *4 (D. Md. Apr. 28, 2020) (quoting *United States v. Williams*, No. PWG-13-544, 2020 WL 1434130, at *3 (D. Md. Mar. 24, 2020)). Accordingly, for COVID-19 to constitute an "extraordinary and compelling" circumstance, the defendant must prove that he has a "particularized susceptibility" to COVID-19. *See, e.g.*, *United States v. Petway*, No. 21-6488, 2022 WL 168577, at *2 (4th Cir. Jan. 19, 2022). The defendant must also prove that his "risk of contracting COVID-19 is higher in prison than outside of prison." *Davis*, 2024 U.S. App. LEXIS 9399, at *10–11.

Here, Johnson fails to demonstrate that he has a "particularized susceptibility" to COVID-19 that would justify his compassionate release. Even if one assumes the truth of his claims of his "long-term pains in his head and lungs" and "loss of breath" (ECF No. 57 at 2), these ailments do not make Johnson more susceptible to COVID-19. Rather, they merely *arose from* COVID-19 infection. And a medical condition alone must be either terminal, for example amyotrophic lateral sclerosis[1] or end-stage organ disease, or "substantially diminish the ability of the defendant to provide self-care within the environment of a correctional facility and from which he is not expected to recover." U.S.S.G. § 1B1.13(b)(1)(A)–(B)(iv); *see also United States v. Jones*, No. JKB-12-0247, 2023 U.S. Dist. LEXIS 9326, at *2 (D. Md. Jan. 13, 2023). Johnson fails to demonstrate that his chronic pain and shortness of breath meet this threshold. Thus, Johnson fails to demonstrate that he has a "particularized susceptibility" to illness that justifies his compassionate release.

Johnson also asserts that harsh prison conditions—increased restrictions on prison event programming and recreation due to COVID-19 protocols, as well as an increased risk of infection with COVID-19 due to his incarceration—have caused him undue hardship. (ECF No. 57 at 2–3.) Johnson's assertion of unduly harsh prison conditions arising due to COVID-19 protocols also falls flat. In *Jones*, Judge Bredar of this Court held that "harsh conditions of imprisonment occasioned by the COVID-19 pandemic are not, without more, sufficiently 'extraordinary and compelling' to warrant compassionate release." *Jones*, 2023 U.S. Dist. LEXIS 9326, at *2 (quoting *U.S. v. Hatcher*, No. 18-cr-454-10, 2021 U.S. Dist. LEXIS 74760, at *3–4 (S.D.N.Y Apr. 19, 2021)). Other courts have agreed, granting compassionate

---

[1] More commonly known as "ALS" or "Lou Gehrig's disease"

release only where circumstances beyond mere harsh conditions stemming from a prison's COVID-19 protocols and specific to the defendant's case have merited such an outcome. *See, e.g.*, *Hatcher*, 2021 U.S. Dist. LEXIS 74760, at *3–4. Thus, the harsh conditions of Johnson's incarceration alone do not occasion the granting of compassionate release.

### b. Alleged intervening changes in sentencing law do not justify Johnson's compassionate release.

Formerly, intervening changes in sentencing law could constitute extraordinary and compelling reasons to justify granting a sentence reduction. *United States v. Concepcion*, 142 S. Ct. 2389, 2404 (2022). However, the 2023 amendments to U.S.S.G. § 1B1.13 altered that. Now, changes in intervening law "shall not be considered [standalone] for purposes of determining whether an extraordinary and compelling reason exists." U.S.S.G. § 1B1.13(c). The lone exception arises where a court determines that a defendant received an unusually long sentence. U.S.S.G. § 1B1.13(b)(6).

Here, Johnson received a sentence well within the recommended guidelines for a third-time federal drug-trafficking offense. In this case, Johnson's sentence of 288 months (24 years) was not only within the recommended guidelines for a third-time federal drug-trafficking offense, it was also within the agreed range set forth in his plea agreement. (ECF No. 14.) Johnson has not yet served ten years of that twenty-four-year sentence, and his current request is premature. Johnson posits a change-of-law argument via *United States v. Norman*, 935 F.3d 232 (4th Cir. 2019). (ECF No. 84.) In *Norman*, the United States Court of Appeals for the Fourth Circuit held that conspiracy to possess cocaine with intent to distribute was not necessarily a controlled-substance offense, and as such might not support a sentencing enhancement under U.S.S.G. § 2K2.1(a)(4)(A). *Norman*, 935 F.3d at 241. Johnson's sentence

9

enhancement, however, was a firearms-related enhancement, not a controlled-substance-related enhancement. (ECF No. 14 at 4.) Additionally, because Johnson has not established any other extraordinary and compelling grounds for his compassionate release, any change-of-law argument is irrelevant. Thus, Johnson's *Norman* argument alone provides no basis for granting his motion for compassionate release.

### III.     The 18 U.S.C. § 3553(a) Factors Do Not Support Johnson's Early Release.

In addition to establishing an extraordinary and compelling reason in support of a defendant's motion for compassionate release, a defendant must also show that such a release is appropriate under the 18 U.S.C. § 3553(a) sentencing factors. *United States v. Robinson*, No. ELH-18-17, 2024 U.S. Dist. LEXIS 81817, at *12 (D. Md. May 6, 2024). These factors require this Court to consider "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed, [including] to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to deter criminal conduct, to protect the public, and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment"; (3) "the kinds of sentences available"; (4) the applicable sentence and sentencing range; (5) "any pertinent policy statement," including those issued by the Sentencing Commission; (6) "the need to avoid unwarranted sentencing disparities among defendants with similar records"; and (7) "the need to provide restitution to any victims." 18 U.S.C. § 3553(a). On balance, the 18 U.S.C. § 3553(a) factors do not support Johnson's early release. Johnson's sentence was within the applicable sentencing range; reflected the seriousness of his offense, considering the nature and circumstances of the offense and his personal history and

characteristics; and was and remains necessary to promote just punishment and respect for the law, deter crime, and protect the public. Johnson was sentenced to 288 months in prison after agreeing that a sentencing range of 240 to 360 months was fair. Such a sentence remains appropriate. The amount of fentanyl alone found in Johnson's possession had the potency to kill around 4.25 million people. *See Facts About Fentanyl*, U.S. Drug Enf't Admin., https://www.dea.gov/resources/facts-about-fentanyl. Accordingly, the 18 U.S.C. § 3553(a) factors weigh against Johnson's early release at this time, as he has served less than ten years of a twenty-four-year sentence.

## CONCLUSION

For the reasons stated above, it is hereby **ORDERED** this 12th day of June, 2024, that Defendant James Johnson's Motion for Compassionate Release (ECF No. 57) is **DENIED**, and Defendant's Motion for Due Process (ECF No. 86) is **DENIED AS MOOT**.

/s/
Richard D. Bennett
United States Senior District Judge