# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal Action Nos.   RDB-18-178 |
| JAMES JOHNSON, | * | RDB-10-492 |
| *Defendant.* | * | |

\*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*

## <u>MEMORANDUM OPINION</u>

On October 18, 2018, Petitioner James Johnson ("Petitioner" or "Mr. Johnson") pleaded guilty to one count of conspiracy to distribute and possess with the intent to distribute four hundred grams or more of fentanyl, in violation of 21 U.S.C. § 846. (ECF No. 14.) Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the Government and Defendant agreed upon a sentencing range between 240 and 360 months' (twenty to thirty years) imprisonment.[1] (*Id.*; ECF No. 23.) On March 7, 2019, in accordance with the plea agreement (ECF No. 14), this Court sentenced Mr. Johnson to 288 months (twenty-four years) of incarceration with credit for time served in federal custody since June 19, 2018, followed by five years of supervised release. (ECF Nos. 22, 23.) On June 10, 2025, pursuant to United States Sentencing Guidelines Amendment 821 ("Amendment 821"), this Court reduced Mr. Johnson's sentence to 260 months (twenty-one years and eight months).[2] (ECF Nos. 97, 98.) Mr. Johnson is now fifty-seven years old and currently incarcerated at

---

[1] In a Rule 11(c)(1)(C) plea agreement, the defendant agrees to plead guilty or no contest to a charged lesser offense, and the Government's attorney agrees to a specific sentence or sentencing range. Fed. R. Crim. P. 11(c)(1)(C). Once the Court accepts the plea agreement, the Government's recommendation is binding. *Id.*

[2] Under Amendment 821, Mr. Johnson was eligible for sentence reduction based on the removal of two "status points" from his criminal history. (ECF No. 92.) This two-point decrease reduced his applicable guideline range from 210–262 months' imprisonment to 188–235 months' imprisonment. (*Id.*) Based on the parties' agreement, this Court reduced Mr. Johnson's sentence to 260 months' imprisonment. That reduced sentence reflected a term from the amended guideline range comparable to the previously-imposed 288-month sentence, which also exceeded the original guideline range. (ECF Nos. 92-1, 92-2, 97.) As explained below, *infra* at 3 n.3, the upward departure from the original guideline range reflected the fact that Mr. Johnson was in possession of a firearm at the time of his offense.

the Federal Correctional Institution Petersburg Low in Hopewell, Virginia. *Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc (search by register number: 27182-037) (last accessed July 23, 2026). His projected release date is October 2, 2035. *Id.*

Presently pending before this Court are three motions filed by Mr. Johnson: (1) his Motion for Relief from Judgment Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 101) ("Motion for Compassionate Release"), filed through counsel; (2) his pro se Motion for Court Document on Docket Sheet (ECF No. 90); and (3) his pro se Motion for Production of Court Records (ECF No. 91). The Motion for Court Document on Docket Sheet (ECF No. 90) and Motion for Production of Court Records (ECF No. 91) request access to the same documents such that the Court construes those motions collectively as a Motion for Court Document on Docket Sheet (ECF Nos. 90, 91).

In his Motion for Compassionate Release, Mr. Johnson seeks a reduction in his sentence from 260 months (twenty-one years and eight months) to 110 months (nine years and two months). (ECF No. 101.) The Government has responded in Opposition to Mr. Johnson's Motion for Compassionate Release (ECF No. 102), and Mr. Johnson has replied (ECF No. 107). The parties' submissions have been reviewed, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons set forth below, Petitioner's Motion for Compassionate Release (ECF No. 101) is DENIED. Separately, as explained below, his Motion for Production of Court Documents on Docket Sheet (ECF Nos. 90, 91) is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

The parties stipulated to the underlying facts in the Plea Agreement, and the below factual background is drawn from that stipulation of facts. *See* (ECF No. 14 at 10–12).

2

On March 29, 2018, Mr. Johnson was charged in a one-count Indictment with conspiracy to distribute and possess with the intent to distribute four hundred grams or more of fentanyl, in violation of 21 U.S.C. § 846. (ECF No. 1; ECF No. 14 at 1.) Between July 2016 and March 2017, Mr. Johnson and a group of co-conspirators, including Sharafa Buhari, ran a drug-trafficking operation from the Gilmor Homes area of West Baltimore. (ECF No. 1 at 1; ECF No. 14 at 10−12.) During the investigation, law enforcement obtained authorization to intercept wire communications over Mr. Johnson's phone, which revealed that he used the device to coordinate drug trafficking activities with several co-conspirators. (ECF No. 14 at 10.)

On October 18, 2018, pursuant to a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), Mr. Johnson pleaded guilty to the sole Count in the Indictment. (ECF No. 14.) He stipulated that at the time of his arrest, approximately 8,500 grams of fentanyl; 17,250 grams of heroin; $700,000 in cash; and six firearms were found in his possession. (*Id.* at 12.) Pursuant to Rule 11(c)(1)(C), the parties agreed to a sentence in the range of 240 months' imprisonment to 360 months' imprisonment. (*Id.* at 5–6.) Mr. Johnson waived his right to appeal his sentence. (*Id.* at 5.)

On March 7, 2019, this Court sentenced Mr. Johnson to a term of imprisonment of 288 months (twenty-four years), with credit for time served in federal custody since June 19, 2018, to be followed by five years of supervised release. (ECF No. 23 at 2, 3).[3] Mr. Johnson did not file a direct appeal of his conviction or sentence. In the years since his term of imprisonment began, however, he has sought various forms of postconviction

---

[3] The Presentence Investigation Report (ECF No. 17 *SEALED*) calculated Mr. Johnson's total offense level to be 35. (*Id.*SEALED* at 8.) This offense level reflected a criminal history category of II based on two prior federal drug trafficking convictions and resulted in an advisory guidelines range of 210 to 262 months' imprisonment. (*Id.* *SEALED* at 19.)  Consistent with the terms of the Plea Agreement, this Court imposed a sentence above the advisory guidelines range—increasing his base offense by two levels—because Mr. Johnson was in possession of firearms at the time of his offense. (ECF No. 14 at 4; ECF No. 24 *SEALED* at 1, 2.)

relief, including a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 34), as well as several motions for compassionate release, each of which this Court has denied.[4] On June 10, 2025, however, this Court granted Mr. Johnson's Consent Motion for Reduced Sentence Under 18 U.S.C. § 3582(c)(2) (ECF No. 92), and reduced his sentence from 288 months' imprisonment to 260 months' imprisonment based on the retroactive application of Amendment 821 to the United States Sentencing Guidelines. (ECF Nos. 97, 98.)

On July 15, 2025, through retained counsel, Mr. Johnson filed the pending Motion for Compassionate Release. (ECF No. 101.) Additionally, on February 3, 2025, and March 6, 2025, Mr. Johnson filed his Motion for Court Document on Docket Sheet (ECF Nos. 90, 91).[5] The Government has responded in Opposition (ECF No. 102) to Mr. Johnson's Motion for Compassionate Release, and Mr. Johnson has replied (ECF No. 107).

**ANALYSIS**

## I.      Motion for Compassionate Release

Mr. Johnson seeks a reduction in his sentence of 260 months (twenty-one years and eight months) to 110 months (nine years and two months). (ECF No. 101.) Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also Rutherford v. United States*, 146 S. Ct. 1320, 1326 (2026) (citing 18 U.S.C. § 3582(b)). "This 'rule of finality,' however, is subject to a few narrow exceptions." *Freeman*

---

[4] Specifically, on March 1, 2020, Mr. Johnson filed a 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence. (ECF No. 34.) This Court denied the § 2255 Motion on October 21, 2020. (ECF No. 49.) Mr. Johnson appealed to the United States Court of Appeals for the Fourth Circuit (ECF No. 50), which dismissed that appeal on September 1, 2021. (ECF No. 55.) On September 14, 2021, he filed a pro se Motion for Compassionate Release ("Original Compassionate Release Motion") (ECF No. 57), which this Court denied on June 12, 2024 (ECF No. 89). This Court also denied Mr. Johnson's Supplemental Motion for Compassionate Release, filed on December 14, 2021 (ECF No. 66); his Second Supplemental Motion for Compassionate Release, filed on May 23, 2023 (ECF No. 84); and his related Motion for Due Process, filed on August 4, 2023 (ECF No. 86). *See* (ECF No. 89).

[5] As noted above, these Motions (ECF Nos. 90, 91) are identical and request identical documents. Accordingly, the Court construes both Motions (ECF Nos. 90, 91) together as a Motion for Court Document on Docket Sheet (ECF Nos. 90, 91).

*v. United States*, 564 U.S. 522, 526 (2011). One exception is 18 U.S.C. § 3582(c)(1)(A), which is commonly called "compassionate release." *See Rutherford*, 146 S. Ct. at 1326. Section 3582(c)(1)(A)(i), relevant here, permits a court to reduce a prison sentence upon finding that (1) a petitioner has exhausted his administrative remedies; (2) there are extraordinary and compelling reasons warranting a reduction; and (3) such a reduction would align with any relevant sentencing factors set out in 18 U.S.C. § 3553(a) and any applicable policy statement issued by the United States Sentencing Commission.[6] *See United States v. Ferguson*, 55 F.4th 262, 267–68 (4th Cir. 2022) (quoting § 3582(c)(1)(A)). Although Mr. Johnson has exhausted his administrative remedy requirements, he has not presented an extraordinary and compelling reason which would make him eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). Even if he had, a reduction would not be justified by the sentencing factors of § 3553(a).

### a. Administrative Exhaustion

The First Step Act of 2018, as codified at 18 U.S.C. § 3582(c)(1)(A), permits a prisoner to seek compassionate release in the federal courts on his own behalf. *See Rutherford*, 146 S. Ct. 1328 (citing 18 U.S.C. § 3582(c)(1)(A)); *accord United States v. Muhammad*, 16 F.4th 126, 130 (4th Cir. 2021). Before he can access the federal courts, he must first request that the warden of his facility seek compassionate release on his behalf. *Muhammad*, 16 F.4th at 130 (citing § 3582(c)(1)(A)). He must then either wait thirty days from making that request before filing in federal court or fully exhaust his administrative rights of appeal within the Bureau of Prisons. Id. (quoting § 3582(c)(1)(A)). Either method

---

[6] Section 3582(c)(1)(A) also permits a dcourt to grant relief if a prisoner (1) met the threshold requirements; (2) is at least seventy years of age; (3) has served at least thirty years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c); and (4) the Director of the Bureau of Prisons has determined that the prisoner is not a danger to the safety of the any other person or the community. *Id.* § 3582(c)(1)(A)(ii). This provision does not apply in Mr. Johnson's case for the simple reason that he is fifty-seven years old.

is sufficient. *Rutherford*, 146 S. Ct. at 1328; *Muhammad*, 16 F.4th at 130 (citing *United States v. Garrett*, 15 F.4th 335, 338 (5th Cir. 2021)) (noting that Congress provided "two alternative ways to satisfy the threshold requirement"). In this case, Mr. Johnson submitted an administrative request for a reduced sentence on December 16, 2024, when he was incarcerated at Federal Correctional Institution Fort Dix in New Hanover Township, New Jersey. *See* (ECF No. 101, Ex. 1). He filed the pending Motion (ECF No. 101) on July 15, 2025, more than thirty days after making his request to the warden of FCI Fort Dix. Thus, Mr. Johnson has satisfied the administrative exhaustion requirement under § 3582(c)(1)(A).

### b. Extraordinary and Compelling Circumstances

Notwithstanding his exhaustion of administrative remedies, Mr. Johnson has not demonstrated the extraordinary and compelling circumstances necessary to reduce his sentence. To reduce a federal prison sentence under § 3582(c)(1)(A), a federal court must find the existence of "extraordinary and compelling reasons" warranting such relief. *See, e.g.*, *Rutherford*, 146 S. Ct. at 1326–27 (citations omitted). The United States Sentencing Commission is charged with defining "what should be considered extraordinary and compelling reasons for sentence reduction" under 18 U.S.C. § 3582(c)(1)(A). 28 U.S.C. § 994(t). The Commission has identified six possible circumstances that viewed separately or together may establish "extraordinary and compelling reasons" for a sentence reduction. These reasons include:

> (1) a serious medical circumstance of the defendant;
> (2) a defendant who is 65 years old that suffers from serious health deterioration and has served either 10 years or 75 percent of his or her term;
> (3) the death or incapacitation of an immediate family member;
> (4) the defendant being a victim of abuse while in custody;
> (5) other reasons of similar gravity as (1)–(4); and
> (6) unusually long sentence if the defendant has served at least ten years.

6

U.S.S.G. § 1B1.13(b)(1)–(6).

Mr. Johnson raises seven arguments that he contends present "extraordinary and compelling reasons" to reduce his sentence: (1) disparity in sentencing; (2) the length of his sentence; (3) the amount of time he has served; (4) change in the law; (5) rehabilitation; (6) his status as a disadvantaged youth; and (7) inequity. (ECF No. 101 at 1.)  The Court addresses each argument in turn, grouping some arguments together where appropriate.

### i. Sentencing Disparities, Length of Sentence, and the Amount of Time Served

At its core, Mr. Johnson's first purported extraordinary and compelling reason for compassionate release relates to the length of his sentence given the nature of his crime. Specifically, Mr. Johnson is serving a sentence of 260 months for one count of conspiracy to distribute four hundred or more grams of fentanyl. He argues that that sentence is disparately long because it is approximately equal in length to sentences that Judges of this Court have recently imposed for violent crimes, including murder, and that he pleaded guilty to a nonviolent offense. (ECF No. 101 at 13–15.) In essence, Mr. Johnson's argument is that a non-violent drug offense should not carry a term of imprisonment that is approximate in length to sentences imposed for violent offenses, including murder.

This argument ignores the fact that Mr. Johnson's sentence in this case is reflective of a plea agreement between himself and the Government. Important, too, Mr. Johnson does not provide any cases which state that a sentence for a drug crime is disproportionate if it is close in length to the sentence imposed for a violent crime. Indeed, beyond his own bald assertion that violent crimes should carry longer sentences than nonviolent crimes, Mr. Johnson's Motion provides no compelling authority which supports his theory. Rather, he cites to cases in which Judges of this Court reduced life terms of imprisonment to terms

of years in drug conspiracies that involved murders or violent assaults. *See* (ECF No. 101 at 15 (citing *United States v. Gray*, CCB-95-0364, in which Judge Blake reduced a life sentence for murder to just over twenty-six years). Those cases are plainly inapposite.

The most relevant case to which Mr. Johnson points is *United States v. Brown*, 706 F. Supp. 3d 516 (D. Md. 2023), but that case does not support the finding of an extraordinary and compelling reason for relief in this case. There, Elliot Brown was serving a 262-month sentence after pleading guilty to one count of conspiracy to distribute and possession with intent to distribute heroin, in violation of 21 U.S.C. § 846. *Id.* at 518. Brown had conspired to distribute more than thirty kilograms of heroin. *Id.* at 523. After considering the national averages for heroin offenses, the Court determined that a reduction in sentence to 235 months was appropriate. *Id.* at 518.

Mr. Johnson argues that *Brown* supports his request to lower his sentence from 260 months to 110 months. (ECF No. 101 at 19.) In large part, he points to the quantity of drugs involved: whereas Brown had admitted to an offense involving at least thirty kilograms of heroin, Mr. Johnson's case involves 17.25 kilograms grams of heroin. (*Id.*) This argument does not support a finding of an extraordinary and compelling reason for compassionate release. Quite simply, though the *Brown* case involved more heroin, 17.25 kilograms of heroin is still a massive amount. Furthermore, and even more important, Mr. Johnson was also found with 8,500 grams (or 8.5 kilograms) of fentanyl. The United States Drug Enforcement Agency and the National Institute on Drug Abuse have both stated that fentanyl is fifty-times more powerful than heroin. *Fentanyl*, Drug Enforcement Agency, https://www.dea.gov/factsheets/fentanyl (last accessed July 23, 2026); *Fentanyl*, Nat'l Inst. On Drug Abuse, https://nida.nih.gov/research-topics/fentanyl (last accessed July 23, 2026). Additionally, the Fourth Circuit consistently considers the lethality of the drugs at

issue when reviewing a sentence. *See, e.g.*, *United States v. Roy*, 88 F.4th 525, 532 (4th Cir. 2023) (finding that because "the nation is in the midst of a shockingly severe fentanyl crisis" the district court correctly accounted for the lethality of fentanyl when determining the sentence). Therefore, the drugs with which Mr. Johnson was found would have had an overall higher lethality than those in the *Brown* case due to the sheer amount of fentanyl Mr. Johnson possessed. Finally, and also important, Mr. Johnson possessed six guns when he was arrested. Those details render the *Brown* case distinguishable. That case does not create a sentencing disparity from which Mr. Johnson can seek compassionate release.

Separately, Mr. Johnson argues that the disparity in sentencing between himself and his co-defendant, Sharafa Buhari, is an extraordinary and compelling reason for compassionate release. Mr. Buhari received a four-year (forty-eight month) sentence. *United States v. Buhari*, Crim. No. RDB-17-111, ECF 47 (D. Md. 2017). There is no relevant disparity between Mr. Johnson and Mr. Buhari for two reasons. First, Mr. Johnson was in possession of a significant amount more drugs than Mr. Buhari. As noted above, Mr. Johnson controlled 17,250 grams of heroin and 8,500 grams of fentanyl. Mr. Buhari was charged with conspiracy to distribute one hundred grams or more of heroin. Moreover, Mr. Johnson controlled six guns. Mr. Buhari was not charged with any gun offenses.

Additionally, Mr. Johnson played a larger role in the conspiracy than did Mr. Buhari. A defendant who plays a greater role in a conspiracy may receive a longer sentence than a co-conspirator with less culpability. *See* U.S.S.G. § 3B1.1 (increasing offense levels for organizers or leaders of a criminal activity relative to less culpable participants); *United States v. Llamas*, 599 F.3d 381, 390 (4th Cir. 2010) (finding that "the aggravating role adjustment [under U.S.S.G. § 3B1.1] is appropriate where the evidence demonstrates that the defendant 'controlled the activities of other participants' or 'exercised management

9

responsibility'" (quoting *United States v. Bartley,* 230 F.3d 667, 674 (4th Cir. 2000))).  In this case, Mr. Johnson was more culpable than Mr. Buhari because he orchestrated the conspiracy, while Mr. Buhari was a "New York City based source of Johnson's heroin supply." *See United States v. Buhari*, RDB-17-111, ECF No. 36 at 8 (D. Md. 2017). The disparity in the sentences is not invalid.

In sum, as explained above, Mr. Johnson has not established an extraordinary and compelling reason for relief based on his sentence.

### ii.   Change in the Law

Next, Mr. Johnson seeks a sentence reduction based on a "change in the law" under U.S.S.G. § 1B1.13(b)(5). (ECF No. 101 at 24−28.)  The only relevant[7] legal development referenced is Amendment 821, which removed two "status points" from Mr. Johnson's criminal history, reducing his criminal history category from category III to category II. (ECF No. 92.) The effect of this change was to lower his applicable guideline range from 210–262 months' imprisonment to 188–235 months' imprisonment. (*Id.*) However, as noted above, this Court has already granted Mr. Johnson a sentence reduction based on Amendment 821, reducing his sentence from 288 to 260 months. (ECF Nos. 97, 98.) Accordingly, Mr. Johnson has not identified an intervening change in the law that would justify compassionate release.

### iii.   Rehabilitation

Finally, Mr. Johnson argues that his rehabilitation while incarcerated warrants a sentence reduction.  (ECF No. 101 at 9–10.)  While his rehabilitation is commendable,[8]

---

[7] Mr. Johnson additionally contends that, at the time of his original sentencing, he was potentially subject to a career offender enhancement that would no longer apply if he were sentenced today. (ECF No. 101 at 25−26.) However, Mr. Johnson was not sentenced as a career offender, as he himself acknowledges. (*Id.*)

[8] In his Motion, Mr. Johnson offers evidence of his rehabilitation through his completion of over 2,600 hours of treatment and self-help programs, in addition to his steady employment as a unit "Orderly." (ECF No. 101

rehabilitation alone in the absence of additional factors is not sufficient to establish extraordinary and compelling circumstances.  28 U.S.C. § 994(t); *United States v. Burleigh*, 145 F.4th 541, 552 (4th Cir. 2025) (acknowledging that rehabilitation alone is not an extraordinary and compelling reason, and instead considering rehabilitation alongside other factors, such as the nature and severity of the offense); *United States v. Millner*, JKB-08-0086, 2024 WL 1678559 (D. Md. Apr. 18, 2024) (emphasizing that rehabilitation efforts, even if commendable, are insufficient in the absence of other extraordinary and compelling reasons). As explained above, Mr. Johnson has not established an extraordinary and compelling reason for relief.[9] As such, his Motion for Compassionate Release (ECF No. 101) is DENIED.

### c.  18 U.S.C. § 3553(a) Factors

Failure to demonstrate an extraordinary and compelling reason for relief alone precludes compassionate release. *See, e.g.*, *Rutherford*, 146 S. Ct. at 1333 (quoting *Dillon v. United States*, 560 U.S. 817, 825, 827 (2010)) ("Before determining the extent of a reduction based on the § 3553(a) factors, a court must first ensure that a movant is part of the 'limited class of prisoners' who are 'eligibl[e]' for such a reduction.") If a district court finds the existence of extraordinary and compelling reasons to grant relief, it must also independently

---

at 9–10.)  He also references his exemplary disciplinary record, for which he has not incurred a single infraction since his incarceration.  (*Id.* at 10.)

[9] Although Mr. Johnson lists his status as a disadvantaged youth as a basis for relief (ECF No. 101 at 1), he does not clearly address that argument in his Motion (ECF No. 101) nor in his Reply to the Government's Opposition (ECF No. 107).  At most, he references a letter from his first cousin, who noted that his parents were "plagued by 'drug addiction,' which severely impacted" Mr. Johnson.  (ECF No. 101 at 33, 49.)  As district courts have routinely held, such reference to a disadvantaged youth is insufficient to demonstrate to justify relief.  *See, e.g.*, *United States v. Pankey*, 2023 WL 3166716, at *4 (S.D. Ohio May 1, 2023) (denying compassionate release even despite defendant's presentation of evidence "detail[ing] a truly disadvantaged and difficult childhood marked by poverty, instability, and turmoil"); *United States v. Hubbard*, 2023 WL 2762012, at *4 (E.D. Ky. Apr. 3, 2023) (denying compassionate release even where defendant's motion "recount[ed] a truly disadvantaged and difficult childhood marked by his parents' addiction, violence, instability, poverty, and turmoil"); *United States v. Telfair*, 2021 WL 3185812, at *4 (D.N.J. July 28, 2021) (denying compassionate release despite defendant's argument that "his criminality was the result of a disadvantaged childhood").

determine that the relevant sentencing factors set out at 18 U.S.C. § 3553(a) support relief. *See* 18 U.S.C. § 3582(c)(1)(A); *see also Rutherford*, 146 S. Ct. at 1327 (citing § 3582(c)(1)(A)). Those factors are: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed"; (3) "the kinds of sentences available"; (4) the sentencing guideline ranges; (5) "any pertinent policy statement"; (6) "the need to avoid unwarranted sentence disparities among defendants with similar records"; and (7) "the need to provide restitution to the victims of the offense." 18 U.S.C. § 3553(a).

In this case, Mr. Johnson's rehabilitation is a mitigating factor. *See, e.g.*, *United States v. Martin*, RDB-04-0029, 2021 WL 3172278, at *3 (D. Md. July 27, 2021). He has completed over 2,600 hours of treatment and self-help programs. That is a commendable achievement and encourages the Court. Also impressive, Mr. Johnson has maintained steady employment as a unit "Orderly" and has had an infraction-free disciplinary record. (ECF No. 101 at 9–10.) At this time, however, his personal characteristics do not merit release, particularly on balance with the remaining § 3553(a) factors.

First, the need to deter recidivism and the applicable guideline range weigh against relief. Under these factors, a court may place significant weight on criminal history, especially when there is a heightened concern of recidivism due to numerous prior convictions. *See United States v. Davis*, 130 F.4th 114, 126–28 (4th Cir. 2025) (relying significantly on the defendant's extensive criminal history to justify sentence); *United States v. Morsley*, RDB-08-401, 2022 WL 1062020, at *4 (D. Md. Apr. 8, 2022) (considering defendant's lengthy criminal history to disfavor relief under § 3553(a) analysis). In this case, Mr. Johnson's history of criminal involvement is extensive, suggesting that a significant sentence is appropriate to deter recidivism and protect the community. *See* (PSR ¶¶ 32–43

*SEALED* (listing eight prior convictions, including drug-related charges)).  Furthermore, Mr. Johnson's initial sentence of 288 months' imprisonment was within the range agreed upon in his Plea Agreement and his reduced 260-month sentence also reflects the parties' agreed reduction under Amendment 821. (ECF No. 14 at 5; *see* ECF No. 92 ("The parties have conferred and respectfully request that this Court . . . reduce Mr. Johnson's sentence . . . to 260 months . . . .").) As the Fourth Circuit has explained, in weighing § 3553(a) factors, courts should avoid changing a Plea Agreement's terms absent compelling circumstances, particularly when the sentencing court imposes the exact sentence negotiated in the agreement. *See United States v. Bond*, 56 F.4th 381, 384–85 (4th Cir. 2023).

Mr. Johnson's current sentence also reflects the nature and circumstances of both his direct involvement in multiple drug offenses. His instant offense was serious—the uncontested facts indicate that he organized a conspiracy to distribute substantial amounts of lethal drugs (ECF No. 14)—which heavily weighs against relief. *See United States v. High*, 997 F.3d 181, 186–87 (4th Cir. 2021) (affirming denial of compassionate release based on the § 3553(a) factors, including the need for the sentence to reflect the seriousness of the offense, where the defendant had engaged in significant drug trafficking). Finally, there is no evidence that Mr. Johnson's sentence reflects an unwarranted sentencing disparity. As explained above, this Court generally imposes sentences in line with Mr. Johnson's for similarly situated defendants. *See, e.g.*, *Wilford*, 2022 WL 2392237, at *1, 8, 48 (sentencing the defendant—a two-time previous drug offender—to 340 months' imprisonment following trial in a case of conspiracy to distribute five kilograms or more of cocaine, for which he was the organizer or leader). Mr. Johnson received a 260-month sentence, which is on par with sentences applied to similar defendants who held leadership roles in similar crimes. *See id.*; (ECF No. 14.) Taken together, the nature and circumstances of the offense,

13

the applicable guideline range, and the need to avoid sentencing disparities disfavor relief. Mr. Johnson has not demonstrated an extraordinary and compelling reason for relief, and, on balance, the § 3553(a) factors also weigh against relief in this case. Accordingly, Mr. Johnson's Motion for Compassionate Release (ECF No. 101) is DENIED.

## II.  Motions for Production of Court Documents and Records

Separately, Mr. Johnson, moving pro se, requests access to two sealed documents in his cases: (1) the Criminal Docket of the instant case, including the Criminal Complaint (ECF No. 85); and (2) the Petition on Supervised Release, including his Arrest Warrant in criminal case number RDB-10-492, (ECF No. 101, Case No. RDB-10-492). The Court "liberally construe[s]" pro se filings and holds them "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). As explained above, although Mr. Johnson has filed two separate motions requesting these documents— (1) a Motion for Court Document on Docket Sheet (ECF No. 90); and (2) a Motion for Production of Court Records (ECF No. 91)—the requests are duplicitous and the Court construes both motions together as a Motion for Court Document on Docket Sheet (ECF Nos. 90, 91).

Mr. Johnson is entitled to access the Criminal Complaint (ECF No. 85 *SEALED*) in the present case. "[A] district court 'has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests.'" *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000) (quoting *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984)). This Court originally granted the Government's Motion to Seal (ECF No. 85 at 10−11) based on the ongoing investigation into potential co-conspirators of the drug-trafficking conspiracy in 2017. (*Id.*) The co-conspirators have already been identified and sentenced, however, and these interests

are no longer pertinent.[10] Moreover, Mr. Johnson is not seeking to unseal the documents for the public, but rather, to access his own Criminal Docket (ECF Nos. 90, 91). *See United States v. Runyon*, No. 08cr16–3, 2015 WL 1548989, at *2 (E.D. Va. Apr. 7, 2015) (holding that a post-conviction defendant was "granted access only to those docket entries filed under seal or ex parte in the Defendant's case and on his behalf"); *see also United States v. Landaverde-Giron*, PJM-15-258, 2023 WL 6910710, at *2 (D. Md. Oct. 18, 2023) (granting a post-conviction defendant access to ECF documents that pertained to him).[11]

Mr. Johnson is not entitled, however, to access the sealed Petition on Supervised Release, including his Arrest Warrant of his previous case, RDB-10-492 (ECF No. 101). District courts have broad discretion to deny a post-conviction defendant's request for sealed documents. *See, e.g.*, *United States v. Chandler*, 220 F. Supp. 2d 165, 168 (E.D.N.Y. 2002) ("[A]ccess to sealed court records is ordinarily obtained by a request addressed to the discretion of the trial court which determines the question of the relevant circumstances" (quoting *United States v. Davis*, 702 F.2d 418, 423 (2d Cir. 1983))). A defendant's involvement across two separate cases does not, by itself, render those cases related or justify production of documents. *See, e.g.*, *Tucker v. Ohtsu Tire & Rubber Co., Ltd.*, 191 F.R.D. 495, 497 (D. Md. 2000) (granting production of documents from previous litigation against the same defendant, but grounding ruling in a four-factor test based on

---

[10] Mr. Johnson's co-conspirator, Mr. Sharafa Buhari was sentenced to forty-eight months' imprisonment on October 25, 2017. *United States v. Buhari*, Crim. No. RDB-17-111, ECF No. 47 (D. Md. 2017).

[11] Although "[a] prisoner who requests free copies of records in his or her criminal case must show a particularized need for such records," no such need is required when a defendant agrees to incur the costs. *United States v. Rast*, Nos. 02–CR–00948–GRA, 03–CR–00429–GRA, 2007 WL 3377200, at *1 (D.S.C. Nov. 7, 2007) (quoting *Jones v. Superintendent, Va. State Farm,* 460 F.2d 150, 152–53 & nn. 3–4 (4th Cir. 1972)). In *Rast*, the court denied the post-conviction defendant's request for free copies of his records because he "ha[d] not demonstrated a particularized need for the documents he requests." *Id.* However, the court noted that "he may request copies of these documents at his own expense." *Id.* Mr. Johnson has agreed to incur the costs of the documents he requests here. (ECF No. 91.) Therefore, although he did not articulate a "particularized need for the documents he requests," *Rast*, 2007 WL 3377200, at *1, Mr. Johnson is granted access to his Criminal Complaint (ECF No. 85 *SEALED*) based on his willingness to incur the costs of the requested documents.

15

(1) relevance; (2) the nature of the prior order; (3) the identity of the discovery target; and (4) the burden on parties).  Although Mr. Johnson seeks access to records from a previous case in which he was a party, that case is not automatically related to the present case.  *See* (ECF No. 91) (referencing ECF No. 101 from criminal case number RDB-10-492, for which Mr. Johnson was sentenced to sixty months' imprisonment for a handgun violation and drug conspiracy).  Mr. Johnson has not articulated any reason for his request, and there appears to be no reason to grant his request to access documents from an unrelated case.  Accordingly, Mr. Johnson's Motion for Court Document on Docket Sheet (ECF Nos. 90, 91) is GRANTED to the extent it requests a copy of his Criminal Complaint (ECF No. 85 *SEALED*) but DENIED to the extent it requests access to ECF No. 101 of his prior criminal case, RDB-10-492.

### CONCLUSION

For the reasons stated above, Petitioner's Motion for Compassionate Release (ECF No. 101) is DENIED.  His Motion for Court Document on Docket Sheet (ECF Nos. 90, 91) is GRANTED IN PART and DENIED IN PART.

A separate Order follows.

/s/
_____
Richard D. Bennett
United States Senior District Judge

16